Alice M. ANSON et al., Plaintiffs,

v.

HIRAM WALKER & SONS, Inc.,
Defendant.

No. P-1873.

United States District Court
S. D. Illinois, N. D.

March 6, 1957.

Alex L. Sloan, Peoria, Ill., for plaintiffs.

Eugene R. Johnson, of Miller, Westervelt, Johnson & Thomason, Peoria, Ill., for defendant.

MERCER, District Judge.

The Court has given careful consideration to the extensive briefs and arguments of counsel on defendant's motion to dismiss this cause.

This is the third complaint filed by these plaintiffs in this Court, two having been filed in a previous suit in which motion to dismiss was sustained. On appeal, this ruling was affirmed: Anson v. Hiram Walker & Sons, Inc., 7 Cir., 222 F.2d 100, certiorari denied, 350 U.S. 840, 76 S.Ct. 79, 100 L.Ed. 749.

The Court has had the advantage of the admirable and exhaustive opinion rendered in the said case of Anson v. Hiram Walker & Sons, Inc. The Court of Appeals held in the above case that it was essential that plaintiffs show exhaustion of their statutory remedies.

The principal inquiry of this Court in passing upon the motion to dismiss is to ascertain whether or not the present complaint shows an exhaustion of statutory remedies, the said complaint having been attacked for failure to make such showing. The Court cannot attribute to the equivocal words of the complaint, any connotation or implication that plaintiffs have attempted to exhaust or have exhausted their remedies created by their bargaining agreement for disposing of their grievances. If plaintiffs have failed to allege an exhaustion of statutory remedies then they are unable to present their case in court as a justiciable controversy.

The only allegation of the complaint which attempts to allege exhaustion of

statutory remedies is a portion of paragraph 23 which, in substance, alleges that these plaintiffs, on November 1, 1955, filed charges of an unfair labor practice against the defendant and their collective bargaining agent, the Union; that on February 7, 1956, the plaintiffs were informed by the Regional Director of the National Labor Relations Board that no unfair labor practice within its jurisdiction was found; that an appeal was made to the General Counsel of the National Labor Relations Board and on April 6, 1956, the General Counsel upheld the findings of the Regional Director.

The complaint discloses that the occurrences out of which this suit arise took place on May 5, 1952. It is apparent that the first steps taken by the plaintiffs to exhaust their statutory remedies were taken over three years after the occurrences complained of. Title 29 U.S.C.A. § 160(b), sets forth the jurisdictional requirements as to the time for filing the complaint and limits the time for filing a complaint, based upon an unfair labor practice, to six months after the occurrence. It is apparent that at the time of the filing of the complaint herein that the Board then had no jurisdiction to entertain plaintiffs' charges. In view of this circumstance it is the opinion of the Court that the plaintiffs herein cannot be said to have exhausted a remedy which by their own acts has been barred by a statute on limitations. Breeland v. Southern Pacific Co., 9 Cir., 231 F.2d 576. The failure of the plaintiffs, therefore, to allege exhaustion of their statutory remedies is fatal under the opinion of the Court of Appeals rendered in Anson v. Hiram Walker & Sons, Inc.

To invoke the jurisdiction of a court without pursuing their remedies under the National Labor Relations Act is such a course of action as to do violence to the whole tenor and purpose of said Act and is violative of public policy enunciated by said Act.

Although the failure to allege the exhaustion of statutory remedies disposes of the matter it appears to the Court that there is a further reason for granting the motion to dismiss. This reason consists in the failure of plaintiffs to join as a party their collective bargaining agent, Distillery Workers' Union, Local No. 55, of Distillery Rectifying, Wine and Allied Workers' International Union of America. The contract sued upon is between the defendant and this Union. None of the plaintiffs is a party thereto. The Union is the collective bargaining agent for the plaintiffs and is charged by law with its administration and interpretation on behalf of the members of the Union. It is the opinion of this Court that in a suit brought to interpret and enforce such a collective bargaining agreement, the Union is an essential and indispensable party.

In the Labor Management Relations Act, Title 29 U.S.C.A. § 141 et seq., Congress has established machinery looking to the peaceable settlement of all controversies regarding wages, rates of pay, working hours, seniority and grievances as to all matters growing out of employment and Congress prescribed an exclusive remedy for settlement of all labor disputes. It has attempted to substitute for physical or legal warfare, peaceful negotiation. In the plan of Congress a designated Union becomes the exclusive bargaining agent of the employees and its contract with the employer governs the employees individual hiring contracts. To effectuate the broad public policy enunciated in the Labor Management Relations Act requires the bargaining agent as a party.

In view of the conclusions of the Court it is unnecessary to consider the question raised by the defendant as to whether or not this case is res adjudicata. It is therefore ordered and adjudged that the defendant's motion to dismiss this action is hereby allowed and the complaint herein is hereby dismissed.

Judgment is hereby entered in favor of the defendant, Hiram Walker & Sons, Inc. That the plaintiffs take nothing by their suit and that defendant recover its costs herein.